BELSOME, J.,
concurs in the Result With reasons.
hi concur in the affirmation of the trial court’s denial of Mardi Gras Productions, Inc.’s motion for summary judgment. I agree there is a genuine issue of material fact as to whether MGP negligently installed the column that caused the plaintiffs injury on October 24, 2010. While neither Steve Knecht nor Randy Philipson were competent witnesses to testify regarding to the actual installation of the columns in Champion Square,[1] the pertinent invoice indicates that MGP installed the columns on September 9, 2010. Although it is suggested that the columns were removed and re-installed by someone other than MGP between September 9 and October 24, the record is void of any reliable and competent evidence to prove that actually occurred. For these reasons, I concur in the result reached by the majority opinion.

. Steven Knecht, director of operations for MGP, admitted that he was not present at Champion Square when the columns were delivered. Thus, he had no personal knowledge of the events that took place there. Nevertheless, he testified in a deposition as to his understanding that Centerplate would remove, store, and re-install the decorations each week.
Also, Randolph Philipson, director of operations for SMG, signed an affidavit indicating that MGP was responsible for installing and maintaining the decorative structures and food booths at Champion Square, including the day in question. However, in a later deposition, Mr. Philipson modified his statement by explaining he later learned his understanding of the operations was incorrect. Likewise, it is clear that Mr. Philipson had no personal knowledge of MGP’s installation of the columns. See La. C.C.P. art. 967 ("[s]up-porting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall' show affirmatively that the affiant is competent to testify to the matters stated therein.”).